## Ranney *v.* Byers, Appellant.

*Wills—Construction—Alternative bequest.*

A testator by will provided, "I give and bequeath to my daughter, F., $20,000, or such part thereof as I may receive from S., for land hereafter sold to him by me, situate in the City of New Castle, Pennsylvania, less, however, all cost and expenses, including attorney's fees, which I may incur in the suit or suits now pending between Ranney Brothers, or either of them, and myself." *Held,* that in view of all the circumstances the bequest was in the alternative and was general and not specific, and that the daughter F. was entitled to the legacy.

Argued October 11, 1913. Appeal, No. 25, Oct. T., 1913, by defendant, from judgment of C. P. Venango Co., Aug. T., 1912, overruling demurrer to statement of

claim and ordering judgment in favor of the plaintiff in the case of Fannie A. Ranney v. Charles P. Byers, Executor of the will of John P. Byers, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Assumpsit for recovery of legacy. Before CRISWELL, P. J.

The opinion of the lower court, which follows, states the case.

From the plaintiff's statement it appears that the defendant's testator late of the Borough of Cooperstown, deceased, died March 23d, 1910, having first made his last will and testament, since his death duly probated and recorded in the register's office of said county, leaving to survive him a son, Charles P. Byers, now and for some years past residing at New Castle, Lawrence County, Pa., named in such will as the executor thereof, and who duly qualified as such, and two daughters, viz: Fannie A. Ranney, the plaintiff herein, who since 1895 has also, with her husband, Cassius W. Ranney, resided at New Castle, Pa., and Theodosia E. King, intermarried with Charles W. King and residing at Cooperstown aforesaid, but since deceased.

At the time of his decease the said testator had personal estate amounting to eighty-five thousand dollars and upwards in value, besides real estate situate in the County of Venango, and a large tract, divided into building lots, situate in the County of Lawrence, adjacent or near to the said City of New Castle, which had been conveyed to him in 1896.

In the year 1906 the testator entered into a contract with one S. C. Faddis for the sale to the latter of the said tract of land in Lawrence County, for the consideration of $22,500.00, $1,000.00 of which was then paid in cash, the balance to be thereafter paid in specified installments. A few days after this contract was entered into Cassius W. Ranney, the testator's son-in-law,

and Robert B. Ranney, his brother, instituted proceedings in equity in the Court of Common Pleas of Lawrence County, averring that the said testator held the title to said lands in trust for them and praying that the court so decree and restrain and enjoin the sale of the land to Faddis. After hearing upon bill and demurrer it was on July 10th, 1907, so decreed but it was also determined that the Ranneys were indebted to the testator for moneys advanced and paid out on account of the said land and the purchase thereof, in the sum of $21,870.92, which with interest thereon, was to be paid by them to the testator within one year, otherwise the decree might be modified, vacated and set aside.

From this decree and judgment the testator, on July 24th, 1907, appealed to the Supreme Court. On October 23d, 1907, the appeal was argued and on January 6th, 1908, the decree was affirmed. On January 23d, 1908, an adjustment was made by the testator with Faddis by which the latter, in consideration of the sum of $1,500.00, released the testator from liability on his contract of sale, and quit-claimed to him any interest or claim which he had in or to the said land. November 20th, 1909, default having been made by the Ranneys in the payment of the said sum of $21,870.92 and interest for more than one year, a cross bill was filed by the testator, and thereon, after hearing on bill and answer, a decree was made vacating the decree of July 10th, 1907, and declaring the trust therein mentioned in favor of the Ranneys to be forever extinguished.

While these proceedings were pending and just prior to the argument in the Supreme Court of the testator's appeal thereto, to wit: on October 9th, 1907, the testator made his last will and testament wherein, among other things, he provided as follows, to wit: "Third: I give and bequeath to my daughter, Fannie A. Ranney, twenty thousand dollars, or, such part thereof as I may receive from S. C. Faddis for land heretofore sold him by me, situate in the City of New Castle, Pennsylvania,

less however all costs and expenses, including attorneys fees, which I may incur in the suit or suits now pending betweeen Ranney Bros., or either of them and myself."

That the land referred to in this portion of the will is the same referred to and described in the contract entered into with Faddis, purchased by the testator in 1896, situate in Lawrence County adjacent or near to the City of New Castle, is averred in the statement of claim and unquestioned.

A question having arisen whether or not, under the facts stated and more fully set forth in the plaintiff's statement Mrs. Ranney is entitled to the legacy mentioned in the quoted paragraph of the will, this action was brought to determine her right thereto, and apparently all facts supposed to have any relevancy to the question have been set forth in the statement of claim in order that the law arising thereon may be declared summarily upon demurrer.

It is pertinent and may be helpful to consider the environment of the testator and his estate and kindred at the time he made his will. He had two daughters and a son, one daughter was given the property real and personal in and about Cooperstown, where he had a considerable estate. The son was made his residuary legatee and as such took an estate, the amount of which does not definitely appear, but which was likewise considerable. For the other daughter special provision was made by the above quoted third paragraph of the will. In a trust fund of $60,000.00 the three were to share equally with a number of others. This brief summary of the scheme of distribution of his estate indicates that the testator at the time not only had in mind all of his children but, in a measure at least, an equality of distribution.

It must be assumed that the testator knew what estate he had and approximately the value thereof. He knew of the land in Lawrence County, of his contract with Faddis, and of the Ranney suit. He knew that

there was a decision of the Court of Common Pleas of
Lawrence County adverse to him and to the effect that
he held the land in trust for the Ranneys and had no
right to sell to Faddis. He knew that he had appealed
to the Supreme Court from that decision and that it
might be reversed and that he might be able to con-
summate the sale to Faddis, and likewise, that it might
be affirmed, when he could not do so. But he also knew
that he had a firm grip on the land and would either
receive the balance of the purchase money, $21,500.00
and interest, from Faddis, or he would receive from the
Ranneys the amount found by the court to be due by
them, viz: $21,870.92 and interest, or he would get the
land. There is no basis whatever for an inference that
he was anticipating a loss of both the land and its value.
Under these circumstances and with this knowledge on
his part he executed his will and made the provision for
his daughter Mrs. Ranney, above noted.

To what class of legacies does this one belong? It
appears unnecessary to note and cite cases and authori-
ties as to the essential characteristics of general, demon-
strative and specific legacies; nor is it material under
the facts here involved, whether this one be demonstra-
tive or general, since if demonstrative, and the fund
from which it was to have been paid has failed, resort
may be had for its payment to the general assets of the
estate in like manner as if it were general. Besides
there was no contention by either of the parties that it
was demonstrative, the claim of the plaintiff being that
it is general while that of the defendant is that it is
specific and was adeemed by the testator in his lifetime.

If the third paragraph of the will ended with the ter-
mination of the first clause thereof, clearly the legacy
therein mentioned and intended for Mrs. Ranney would
be a general one. The second or alternative clause which
follows does not in itself amount to a specific bequest,
nor does it as understood, having in view the provisions
of the will as a whole, the property, kindred and en-

vironment of the testator, so change or modify the first
as to constitute it specific. There is thereby constituted
no gift of the sum or any sum due to the testator by
Faddis. Reference is made to the amount which he, the
testator, might thereafter receive from Faddis, in pay-
ment of the balance due on the land, not for the purpose
of specifically setting it apart for Mrs. Ranney, but as
measuring and limiting the amount of her legacy, in
case the money should be received by him. If paid to
him, as he contemplated it might be, he no doubt would
have regarded it as other personal funds of his own,
mingled it with them, and its identity would have been
speedily lost. Can it be said from the language used
that he intended such particular specific fund for her
and that she should have it only in case she should be
able to trace it after his death? Such would have been
a very uncertain provision for her, and the language
used warrants no such conclusion. He intended that
she should have, contingently, at least, as a legacy a
portion of his estate and as he designated no particular
portion thereof as hers and referred its payment to
no particular fund or property, it necessarily follows
that he intended it should come out of his general assets.
If the Faddis contracts had been affirmed and the testa-
tor had received the balance due thereon and such sum
less expenses, costs and attorney fees had measured the
amount of Mrs. Ranney's legacy, clearly the same would
have been paid, as any pecuniary legacy, out of the gen-
eral assets of the estate and without reference to the
source from which they came. It is not contended other-
wise.

But the bequest is in the alternative. She was to have
$20,000.00, not the $20,000.00 or any particular $20,-
000.00, or, such part of $20,000.00 as he might receive
from Faddis, less certain deductions. The first amount
mentioned is definite, and the second, it may be assumed,
he regarded as practically the equivalent of the first.
The balance due from Faddis was $21,500.00 and in-

terest, and $1,500.00 would ordinarily be regarded as a fair allowance for the expense of a law suit disposed of upon demurrer, even where an appeal be taken therein.

If he intended that Mrs. Ranney should have only the net sum he should receive from Faddis, not exceeding $20,000.00, he could have so stated in unambiguous terms not open to misconstruction. But why should the portion of this daughter depend upon a recovery from Faddis? To infer or surmise without proof that the venerable testator intended deliberately to deprive his daughter of her reasonable portion of his estate unless he succeeded in the controversy referred to with her husband and secured the price or value of the loan from Faddis instead of someone else is neither reasonable, creditable to the testator nor permissible. A more reasonable inference and assumption is that the alternative form was used deliberately because of the pending situation and the uncertainty as to the result of the litigation, intending that Mrs. Ranney should have the net proceeds if the sale is consummated, and that if it should not be consummated she should have its fair equivalent or $20,000.00. The sale was not consummated, the contract was cancelled, and the testator again had the land. The alternative provision for determining the amount of the legacy was inapplicable as the testator apparently and reasonably should have contemplated might be the case. But to meet this emergency the first clause remained and fixed the amount definitely at $20,000.00. This construction does violence to no provision of the will and gives effect to the evident intention of the testator that Mrs. Ranney should have as her special portion of his estate a legacy equal to or approximating $20,000.00. To determine otherwise is to strike from the will the first clause of the third paragraph thereof, which is clear, definite and unambiguous, and substitute nothing therefor except a provision which was inoperative, or operative only to transfer the legacy of $20,000.00 from the plaintiff to the defendant, as the

residuary legatee, and this, it is concluded was not the intention of the testator. That which he had in mind as his daughter's special portion was the value or proceeds of the land, less the expenses of litigation, and not the proceeeds or result of uncertain litigation concerning the Faddis contract. That litigation might have resulted in favor of the testator, in which event if the testator had died before the payment by Faddis, the power to have extinguished the claim against him would have been placed in the hands of the defendant, the residuary legatee, as executor and with it, according to the contention now made, the power to extinguish the claim of the plaintiff: Shupp v. Gaylord, 103 Pa. 319-325.

This case has been prepared and argued with care by counsel and numerous authorities have been cited and referred to by each. These while not particularly referred to herein, have been considered, and in what has been said they have, as understood, been kept in mind and followed. But the interpretation of wills depends so largely upon the surroundings of the individual testator, in connection with the language used by him, that, as recognized by the authorities, cases, except as they may establish general rules of interpretation, are but seldom controlling. For this reason no attempt has been made to support the conclusions indicated by the citation of reported cases or law writers. This may well be left to counsel on the appeal of the case for review in the higher court.

*Error assigned* was in overruling demurrer and entering judgment for plaintiff.

*J. Norman Martin,* with him *Robert F. Glenn, Donald Glenn* and *Norman A. Martin,* for appellant.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* with him *W. G. Barker,* for appellee.

PER CURIAM, November 7, 1913:

The judgment is affirmed on the opinion of the learned president judge of the Common Pleas, overruling the demurrer and entering judgment for the plaintiff.